# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LAVON SHELTON SPENCE,
            *Defendant-Appellant.*

No. 01-4245

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-330)

Submitted: August 23, 2001

Decided: September 6, 2001

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Paul Gregorio, PAONE & GREGORIO, P.L.L.C., Richmond, Virginia, for Appellant. Nicholas S. Altimari, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lavon Shelton Spence appeals his convictions for armed robbery (Count One), use of a firearm in relation to a crime of violence (Count Two), and possession of a firearm by a convicted felon (Count Three). Spence received a sentence of 120 months on Counts One and Three, to run concurrently, and a consecutive 84-month sentence on Count Two. Spence's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Spence has not filed a pro se supplemental brief, although he was informed of his right to do so.

The sole issue raised on appeal is sufficiency of the evidence. To sustain Spence's convictions, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

Our review of the trial transcript reveals that the evidence was sufficient to convict Spence on all counts. On September 18, 2000, the Bank of Southside Virginia in Emporia, Virginia, was robbed. Spence had been a regular customer at the bank. Immediately after the robbery, two tellers who previously had dealt with Spence identified him as the robber because of his distinctive voice. Shortly after the robbery, officers apprehended Spence in a parking lot. They found some clothing matching the robber's clothing in Spence's vehicle. The clothing was wet. Spence had fled on foot, and it was raining on the day of the robbery. Mrs. Driver, the teller whom the robber had approached with a gun, had given the robber money containing three marked bills. Officers discovered over $8000 in cash—including the marked bills—in Spence's vehicle. Additionally, there was a loaded derringer hidden under a floor mat of the vehicle. Finally, the parties stipulated that Spence had previously been convicted of a felony. This evidence was sufficient to convict Spence on all counts.

Pursuant to *Anders*, we have reviewed the record for potential error and have found none. Therefore, we affirm Spence's convictions. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*